## WILLIAM E. MASON
### v.
## BERNARD MANDL.

*Practice in Justice Courts—Appeal—Affidavit—Affidavit of Claim—Time of Filing—Default.*

Sec. 34, Chap. 79, R. S., providing for the filing of an affidavit of plaintiff's claim. does not authorize the Circuit Court to permit the filing of such an affidavit after an appeal taken from a Justice so as to confer upon the plaintiff the right to a default against the defendant and dismissal of his appeal for the mere want of an affidavit of merits.

[Opinion filed December 14, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. MASON & ENNIS, for appellant.

Mason v. Mandl.

Messrs. Blum & Blum, for appellee.

McAllister, J.   This was assumpsit, brought by appellee Mandl in Justice's court against appellant Mason and another defendant not served.   Mason took an appeal to the Circuit Court, which was perfected November 20, 1886.   The plaintiff, without notice to defendant, applied for and obtained, December 8, 1886, leave of court to file an affidavit of claim in the cause, which being filed, the court entered a rule upon defendant to file an affidavit of merits within five days after notice of such rule, and such notice was served on defendant December 10, 1886.   Whereupon the defendant, December 15th, made a motion to vacate said rule, which was overruled and exception taken.   But the court extended the time in which to file such affidavit of merits until the 20th of the same month.

December 21, 1886, on motion of plaintiff's counsel the court dismissed defendant's appeal for want of an affidavit of merits with a *procedendo*, and judgment for damages in the sum of §6 was rendered against him, which the court refused to set aside on defendant's motion made in apt time; hence this appeal.

The record excludes the idea of the filing by the plaintiff of any affidavit in the Justice's court showing the nature of his claim, or of any purport whatever.   The question therefore arises, whether it was competent for the Circuit Court on appeal to so authorize the filing of such affidavit there, as a first and original affidavit, as to confer upon the plaintiff the right to a default against the defendant and dismissal of his appeal for the mere want of an affidavit of merits by defendant.

Section 34 of the Justice's Act, 2 Starr & C. Ill. Stat., p. 1444, after declaring the plaintiff's right to a default in Justice's court against the defendant for want of appearance at the time of trial, contains this proviso :

" *Provided*, that if the plaintiff in any suit upon a contract, expressed or implied, for the payment of money, shall file with the Justice, *at the time of commencing such suit*, an affidavit

showing the nature of his demand and the amount due him from the defendant, after allowing to the defendant all his just deductions, credits and set-offs, if any, he shall be entitled to judgment in case of default, but the Justice may require further evidence. *Provided further*, that in cases of appeal from the judgment of the Justice of the Peace as aforesaid, *such affidavit* shall have the same force and effect in the Appellate Court as if such suit had been commenced in such Appellate Court."

The expression " *such affidavit*," used in the second proviso, can have no reference to any other than the affidavit filed " *at the time of commencing such suit*," mentioned in the former of said provisos. And to give to the language employed a construction authorizing the filing of an original affidavit of claim in the Appellate Court with the effect which the learned Judge of the Circuit Court awarded to it, would be not only against the clear and unambiguous wording of the statute, but against the manifest intention of its framers.

The statute above quoted shows that the attention of the Legislature was called to the subject. And if it had been thought fit to authorize the filing of an affidavit of claim for the first time in the Appellate Court it would have been easy to have so enacted; and not having done so, the inference is that it was not deemed proper to extend the practice that far. Booth v. Storrs, 54 Ill. 472, 480, and cases cited.

For the error in taking the defendant's default for want of affidavit of merits, and refusing to set the same aside on defendant's motion, the judgment will be reversed and the cause remanded.

*Judgment reversed.*